PEPPER, et al. *v.* BARRETT

No. 39711          October 3, 1955          82 So. 2d 580

*Vardaman S. Dunn,* Jackson, for appellants.

*Morse & Morse,* Poplarville, for appellee.

KYLE, J.

This case is before us on appeal by H. H. Pepper and his insurance carrier from a judgment of the Circuit Court of Pearl River County affirming an order of the Workmen's Compensation Commission awarding compensation to Mrs. Ed (Lizzie) Barrett for a back injury alleged to have been sustained by her while engaged in the performance of her duties as an employee of the appellant.

The record shows that the appellee, a woman about fifty years of age and the mother of two children, had been employed by the appellant as a helper in the harvesting of tung nuts in Pearl River County during the 1952-1953 harvesting season. The appellee had begun work on October 21, 1952. Her injury occurred on November 13, while she was sacking tung nuts and putting them in the forks of the trees under the direction of the

appellant's foreman. The sacks of tung nuts weighed about 28 pounds each.

The appellee testified that the injury occurred about 10:30 o'clock in the morning, as she was lifting a sack of tung nuts to put them in the forks of a tree. She felt something pop in the lower part of her back and fell to her knees and vomited three or four times. She reported her injury immediately to the appellant's foreman who was stationed only a short distance from the place where she was working. The foreman asked her if she was badly hurt. She stated to him that she did not know. He told her that if she was hurt he would carry her to Picayune to see a doctor; but she declined the offer, and after a short rest period she resumed her work and continued to work during the remainder of the day, although she still suffered acute pain. At quitting time she boarded a truck with other members of the crew of workers and rode back to her home at Poplarville forty miles away, arriving there about nightfall. She continued to suffer from her back injury and the pain became more acute. She was carried to the hospital and given a shot to relieve her pain. When the foreman called for her the next morning to carry her to work, her husband told him that she was not able to work because of her back injury. On Sunday, November 16, she went to Dr. Emile A. Bertucci's Clinic in the Town of Poplarville to have a more thorough examination made. The doctor examined her and she returned to the clinic the following day for an x-ray examination. The doctor diagnosed her injury as a lumbo sacral sprain with possibility of ruptured or protruded intervertebral disc, and in his medical report dated December 5, 1952, stated that the injury might result in permanent back pains. The appellee remained under medical treatment for a period of approximately four weeks. The doctor discharged her on December 13.

The appellee returned to work on December 18, 1952, and worked two or three days during the latter part of the month of December. She also worked a few days

during the months of January and February. But the work was painful, and she became totally disabled about March 4, and worked no more thereafter.

Dr. Bertucci testified during the hearing before the attorney-referee that in his opinion the appellee's disability was caused by the accident complained of, by the lifting of the heavy sack of tung nuts and the placing of a sudden strain on her legs and on the lower part of her back. The doctor testified that in his opinion the appellee had been totally disabled since her injury to do the kind of work that she was doing at the time she was injured.

Dr. Blaise Salatich who examined the appellee on September 29, 1953, testified that in his opinion the appellee had sustained a torsion exertion-type low back injury involving the intervertebral disc, and that she was temporarily totally disabled and there was a strong possibility that her condition would remain static. The doctor admitted that there was a possibility that the narrowing of the intervertebral space existed prior to the injury complained of; but the doctor stated that in his opinion the narrowing of the intervertebral space was caused by the accident referred to.

Dr. T. S. Eddleman, testifying as a witness for the employer and the insurance carrier, stated that he had examined the appellee on September 10, 1953, and that he found no evidence of any injured or ruptured disc. He found no evidence of any fracture. It was his impression that if she had sustained an injury, she had completely recovered therefrom.

The attorney-referee found that the appellee had sustained an accidental injury, as claimed by her, on November 13, 1952, and that such injury arose out of and in the course of her employment and was compensible; that the appellee became totally disabled on March 4, 1953, as a result of said injury, and was still totally disabled at the time of the hearing. The attorney-referee found that the appellee had not reached her maximum degree of recovery at the time of the hearing, and that

the evidence was insufficient to enable him to determine the full nature of her disability at that time. The attorney-referee found that the appellee's injury was of such nature as to require medical treatment, and that the employer's foreman knew of her injury and neglected to provide such medical treatment. The attorney-referee found that the appellee's weekly wages at the time of her injury amounted to $10.40; and the attorney-referee ordered that the employer and its insurance carrier pay to the appellee compensation in the sum of $10 per week for temporary total disability beginning March 5, 1953, and continue such weekly payments until the claimant reached maximum recovery, but not to exceed 450 weeks, and that they pay all necessary doctors' bills incurred for the treatment of said injury.

The full commission, upon review, affirmed the findings and the order of the attorney-referee in all respects except as to the amount of compensation allowed. But the commission amended the order of the attorney- referee fixing the amount of the compensation to be allowed and directed the payment of compensation upon the basis of a weekly wage of 25.00. The circuit court on appeal affirmed the order of the commission.

■■ ■ The first point argued by the appellant's attorney as ground for reversal on this appeal is that the appellee's proof was insufficient to show that she had sustained an accidental injury arising out of and in the course of her employment; and that the commission erred in allowing compensation to the claimant in any amount. But we think there is no merit in this contention. The appellee's testimony along with that of Dr. Bertucci and Dr. Salatich was sufficient to support the finding that the appellee sustained the injury complained of and that she was totally temporarily disabled as a result of that injury.

■■ ■ It is next argued that the appellee was not entitled to an award of compensation because of her failure to give notice of her injury to the employer within

thirty days, as required by Section 12 of the Mississippi Workmen's Compensation Act (Section 6998-18, Code of 1942). But this contention is likewise without merit. The act expressly provides that absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice. And the proof in this case shows that the appellant's foreman was actually present in the tung orchard at the time of the appellee's injury, and that the appellee notified him immediately of her injury. The record also shows that when the foreman called for the appellee at her home the next morning to carry her to work, the appellee's husband told him that she was not able to work that day on account of her back injury. The foreman's wife testified that she and her husband visited the appellee in her home about a week later and found the appellee still in bed. There was ample evidence to support the attorney-referee's finding that the employer had knowledge of the appellee's injury; and no proof was offered to show that the appellants had been prejudiced by the appellee's failure to give a more formal notice of her injury.

It is next argued on behalf of the appellants that the commission erred in its order amending the attorney-referee's findings so as to fix the average weekly wage upon the basis of which compensation for temporary total disability should be awarded at $25 per week. And we think this contention is well founded.

Section 8 of the Workmen's Compensation Act, as amended, (Section 6998-09, Code of 1942), provides that the compensation to be paid in a case of this kind shall be sixty-six and two-thirds per centum ($66\frac{2}{3}\%$) of the average weekly wages. Section 10 of the Act (Section 6998-16, Code of 1942), provides that, except as otherwise specifically provided, the basis for compensation under the act shall be "the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee

in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two.'' The statute further provides that, ''When the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, however, that results just and fair to both parties will thereby be obtained.''

The appellee, as we have already stated, began work on October 23, 1952, and earned wages during the four weeks immediately preceding the date of her injury. She worked three days during the first week, two days during the second week, and three days during each of the next two weeks. Her total earnings during the four weeks period amounted to $51.28, which represented an average weekly wage of $12.82. Sixty-six and two-thirds per centum (66⅔%) of the average weekly wages as shown above would be less than $10 per week. But Section 6 of the Act (Section 6998-07, Code of 1942), provides that the compensation allowed in a case of this kind shall not be less than $10 per week, and the attorney-referee awarded compensation in that amount. We think the award made by the attorney-referee was just and fair to both parties, and in keeping with the provisions of Section 10 of the Act (Section 6998-16, Code of 1942), and the award of compensation in the amount of $10 per week should have been approved by the commission. There is no proof in the record to justify an award of compensation in this case upon the basis of an average weekly wage of $25.00.

Finally, it is argued on behalf of the appellants that the commission erred in ordering that the appellants pay all necessary doctors' bills incurred for the treatment of the appellee's injury. It is admitted that the appellants did not provide medical treatment for the appellee. It is contended, however, that the foreman's

offer to take the appellee to a doctor at Picayune immediately after her injury constituted a sufficient compliance with the requirements of Section 7 of the Act (Section 6998-08, Code of 1942), that it was not shown that the appellee requested the appellants to provide medical service, and that the appellee was not entitled to recover any amount expended by her for medical treatment in the absence of such request and a refusal by the employer to provide such medical service.

But the statute requiring the employer to furnish medical services is mandatory in form, and we think that the employer in this case was not relieved of his duty to furnish such medical services by the mere offer of the foreman to carry the appellee to Picayune to see a doctor immediately after her injury and the appellee's failure to accept that offer. The appellee did not know at that time that she had sustained a serious injury that required immediate medical attention and after a short rest period she resumed her work sacking tung nuts and worked until quitting time. The serious nature of her injury manifested itself, however, a few hours later, and the appellee found it necessary to go to the hospital for medical treatment. She was given a shot to relieve her pain, and when the foreman called for her the next morning to carry her to work she was unable to return to work because of her injury. The foreman had knowledge of the appellee's injury and its disabling effects, and under these circumstances it was the duty of the employer to instruct the appellee on what to do to obtain medical attention. Larson's Workmen's Compensation Law, Vol. 2, Sec. 61.12; Draney v. Industrial Accident Commission, 95 Cal. App. 2d 64, 212 P. 2d 49 (1949), and cases cited. Yet no further offer was made on behalf of the employer to provide medical services.

We think the commission was justified in finding that the employer having knowledge of the appellee's injury failed and neglected to provide such medical services, and that the appellants were liable for the payment

of necessary doctors' bills incurred by the appellee for the treatment of her injury.

For the reasons stated above the judgment of the circuit court affirming the order of the Workmen's Compensation Commission awarding compensation to the appellee for temporary total disability upon the basis of an average weekly wage of $25, and directing the payment of the necessary doctors' bills and medical bills, will be modified and amended so as to show an average weekly wage of $12.72, instead of $25, and so as to fix the amount of compensation to be paid at $10 per week; and the judgment, as thus modified and amended, will be affirmed and the cause remanded.

The costs on this appeal shall be apportioned equally between the parties.

Modified and affirmed and cause remanded.

*McGehee, C.J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.