## Davis *v.* Clark-Burt Roofing Co., et al.

No. 41433 March 21, 1960 118 So. 2d 774

*Russell D. Moore, III*, Jackson, for appellant.

*Satterfield, Shell, Williams & Buford, Carey E. Bufkin,* Jackson, for appellees.

L<small>EE</small>, J.

John Davis, in his claim against Clark-Burt Roofing Company and its insurer under the Workmen's Compen-

sation Act, was awarded by the attorney-referee benefits for temporary total disability and the attendant medical expenses.

On appeal, this action was affirmed by a majority of the commission. But the circuit court, on appeal, reversed the order of the commission and dismissed the claim. From that judgment, the claimant appealed.

Davis, a negro, 51 years of age, earning a weekly wage of $54.00, according to his evidence, while in the employ of Clark-Burt Roofing Company in June 1958, engaged with about 12 other workmen in moving a hoisting machine from one side of the Vicksburg white school building to the other, sustained an injury to his back. He continued to work for the balance of the day and also worked the following day, which was Friday, until about 3:00 o'clock in the afternoon. He then went to his home in Bolton and was treated by Dr. Magee that afternoon and the next morning. Since that time he had been unable to do any kind of work.

Dr. Frank Wood, on September 4, 1958, took a history and made a complete examination. He testified that, in his opinion, Davis had suffered a severe sprain in the lower back, and that he still had muscular spasm on certain motions of the back. In his opinion, Davis had not reached maximum medical recovery at the time, he was not then able to resume his work, and would not be able to do so in the foreseeable future.

On the contrary, Johnny Cotton, the negro foreman, testified that Davis was in front of him as they were moving the machine, and that no one was hurt, and that Davis made no complaint. Clayton Sims, another witness for the defendant, testified that he was in the crew with Davis; that a week or two before Davis quit, they moved the machine from one side of the building to another; and that Davis did not make any complaint, and he did not know that there was anything wrong with him.

The appeal in this instance involves two questions, namely, whether the award by the commission was con-

trary to the great weight of the evidence, and whether the failure to give notice of the injury within 30 days justified the denial of an award.

The fact of injury was sharply disputed. If Davis told the truth, it would appear that he sustained an injury. On the contrary, if Cotton and Sims told the truth, the commission would have been justified in denying the claim. The issue was clearly one for the triers of fact.

According to Davis, he told Cotton, his foreman, on Monday morning after he had gone home Friday, that he was down in his back and could not work. Cotton admitted that Davis called him that morning, but he said that Davis told him that his head was bothering him. This was another issue of fact as to whether notice was given to his foreman, or superior officer.

While Davis did not give notice of the facts and circumstances in connection with his alleged injury until August 21, 1958, when he filed his claim with the commission, Cotton, his foreman, did know, according to Davis, that his back was giving considerable trouble.

On the hearing, the appellees called as witnesses the claimant's foreman and one of his fellow employees. It was not shown that the other employees were not available. Besides the hearing did not occur until October 31, 1958, more than 2 months after the claim had been filed, and apparently the appellees had ample time in which to explore the question of the extent of the claimant's disability, if any, and the causal connection, if any, with his work. It is therefore obvious that no prejudice resulted from the failure to give notice earlier.

Section 6998-18, Code of 1942 Rec., requires the giving of actual notice within 30 days after the occurrence of an injury, and, ''If no representative has been designated by posters placed in one or more conspicuous places, in one or more conspicuous places, then notice received by any superior shall be sufficient.'' Cotton testified that signs, directing the report of all accidents,

were posted, but they did not direct to whom such reports should be made. The above statute also provides that ''Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice.''

 █ This Court has repeatedly held that, unless prejudice results, the failure to give actual notice within 30 days after the occurrence of the accident does not bar a claim. See Pepper v. Barrett, 225 Miss. 30, 82 So. 2d 580; Pearl River Tung Co. v. Estate of John, 225 Miss. 303, 83 So. 2d 95; Port Gibson Veneer & Box Co. v. Brown, 226 Miss. 127, 83 So. 2d 757; Ingalls Shipbuilding Corp. v. Dickerson, 230 Miss. 110, 92 So. 2d 354; Pope Co., Inc. v. Wells, 230 Miss. 199, 92 So. 2d 370. See also Dunn's Miss. Workmen's Compensation, Secs. 148 and 150, pages 116-118, and the 1958 Supplement thereto.

A somewhat similar situation existed in the case of Havens v. Natchez-Times Publishing Co., 238 Miss. 121, 117 So. 2d 706. As Mrs. Havens was delivering newspapers on July 31, 1955, her car collided with that of another motorist and she was seriously injured. The circulation manager of the appellee company learned of the accident a day or two later and secured another carrier, but Mrs. Havens gave no notice of her injury until she filed her claim in March 1957, about 21 months later, but prior to the expiration of the two year statute of limitation. In that case it did not appear that the failure to give notice, as provided by the statute, resulted in prejudice. Consequently it was held that this failure did not result in a bar of her claim.

In the above case, the Publishing Company knew that Mrs. Havens had been in a wreck and was injured, but it was not advised that her injury arose out of her work. Likewise, in the present case, Cotton, the foreman, according to the evidence of Davis, knew that the claimant was down in his back, but was not advised that his back trouble arose out of his work.

There was substantial evidence before the commission to sustain the award of compensation. Consequently the circuit court was in error in reversing the award.

The commission was warranted in finding that Davis gave notice to his foreman within several days after the occurrence of his injury, although he did not inform him as to the circumstances attendant upon it. However, in view of the fact that the claim was filed with the commission within about two months after the date of the injury, the commission, under all the circumstances, was fully warranted in concluding that no prejudice had resulted and that an award should be made.

From which it follows that the judgment of the circuit court, reversing the order of the commission and dismissing the claim, must be reversed, and that, in lieu thereof, the order of the commission must be reinstated.

Reversed and judgment here for the appellant, as awarded by the commission, and remanded to the commission.

*Kyle, Holmes, Arrington* and *Gillespie, JJ.,* concur.

ON APPELLANT'S MOTIONS TO RE-ASSESS COSTS, TO AWARD DAMAGES OF 5%, AND INTEREST AT 6% SINCE DUE DATES OF PAYMENTS, AND FOR ALLOWANCE OF ATTORNEY'S FEES OF ⅓ OF COMPENSATION RECOVERED.

Lee, J.

The judgment of the Court assessed the costs in this case against the appellee, and the appellant would have seen it, if he had taken the time to look into the matter. Damages in the amount of 5% are not allowable in this case because the circuit court entered no money judgment in favor of the appellant. Repeatedly this Court has held that a claimant is entitled to 6% interest on the installments of compensation from their due dates until paid. As usual the Court will approve and allow the appellant's counsel one-third of the compensation recovered.

Thus the motions as to costs and damages are overruled but as to the allowance of interest and attorney's fees the motions are sustained.

Motions sustained in part and overruled in part.

All Justices concur, except *Roberds, J.,* who took no part.