ETHRIDGE, Chief Justice:
The Workmen’s Compensation Commission, upholding its attorney-referee, held that Wheeler Pickens received an injury which arose out of and in the course of his employment with Walker Manufacturing Company and resulted in his total, permanent disability. The Commission also found that fifty percent of the injury was attributable to a pre-existing condition. The Circuit Court of Monroe County correctly affirmed the Commission’s order. After the employer’s appeal, Pickens died, and his claim was revived in the name of his admin-istratrix.
Pickens, age 49, was employed by Walker Manufacturing Company as the operator of an air pressure spot welder. The Commission found that on August 18, 1964, around 10 p. m., he turned, stooped and lifted a box of muffler parts, weighing from sixty to seventy pounds, and experienced blindness, dizziness, and a numbness to his left side. He was forced to sit down for about twenty minutes before resuming his work. When he rode home that night with fellow workers, he had difficulty getting from his car to his house, and was sick. The next morning he arose around ten o’clock, and while play *640 ing with his daughter, stooped over to put on his boots and blacked out.
Pickens’ personal physician testified that he had suffered a cerebral hemorrhage, and that the lifting of the parts box on the previous night had probably caused a small rupture or aneurysm in a blood vessel in his brain; that when he arose the next morning, the slight rupture of the previous evening burst, and a substantial hemorrhage resulted. He was of the opinion that there was a direct causal connection between the episode on the night of August 18, and the massive hemorrhage the next morning. On the other hand, a cardiologist, who examined Pickens about fourteen months after the accident, was of the opinion that Pick-ens had suffered a thrombosis which had begun on August 18, was not work connected, and was brought about by a pre-existing atherosclerosis. He conceded that a person with a weakened artery could suffer a cerebral hemorrhage precipitated by the lifting of a sixty to seventy pound weight, but, said that if this had happened, the resulting paralysis in one side would have occurred immediately, instead of being delayed until the next day.
After a careful examination of the testimony, we conclude that there was substantial evidence to support the Commission’s finding that the injury that occurred on the job was accidental and that there was causal connection between the accident and the resulting injury. There was sufficient notice to the employer of the injury to comply with the provisions of Mississippi Code 1942 Annotated section 6998-18 (1952). The employer’s foreman knew of Pickens’ condition on the day of his stroke. Its personnel director talked with his wife about ten days later, and explained to her the difference between workmen’s compensation and group health insurance for illnesses not work-connected. In good faith he advised her that workmen’s compensation was not involved, and she accepted his advice until claimant went to an attorney. Moreover, during much of the period before a claim for compensation was made Pickens was either in the hospital or at home in an incapacitated condition. A formal claim for compensation was made in December 1964. Thus the employer had knowledge of claimant’s illness, and no prejudice was shown by the employee’s delay in giving notice that the injury was work-connected. See Davis v. Clark-Burt Roofing Co., 238 Miss. 464, 118 So.2d 774, 119 So.2d 926 (1960); Port Gibson Veneer & Box Co. v. Brown, 226 Miss. 127, 83 So.2d 757 (1955); Vestal & Vernon Agency v. Pittman, 219 Miss. 570, 69 So.2d 227, 70 So.2d 74 (1954); Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So.2d 645 (1952); Dunn, Mississippi Workmen’s Compensation §§ 240, 242, 243 (2d ed. 1957).
Appellant complains that the Commission made no affirmative finding on the notice issue. However, its disposition of the claim demonstrated that it found no fatal deficiency in that respect. Further, the Commission was warranted in finding that neither the employee nor his wife had any knowledge of the probable compensable character of the injury until they conferred with attorneys. Pope Co. v. Wells, 230 Miss. 199, 92 So.2d 370 (1957).
 There was no error in awarding Pickens total, permanent benefits until the date of the attorney-referee's order, which determined the degree of apportionment. This is in accord with established interpretations of the apportionment statute. Dillingham Mfg. Co. v. Upton, 252 Miss. 281, 172 So.2d 766 (1965); Sanders v. B. E. Walker Constr. Co., 251 Miss. 352, 169 So.2d 803 (1964). In short, the apportionment act does not apply to disability benefits until the Commission or its agent, the attorney-referee, on a hearing with medical testimony, can determine the proportion of contribution of the pre-existing disease.
Affirmed.
RODGERS, JONES, PATTERSON, INZER and SMITH, JJ., concur.