HOUSTON CONTRACTING COMPANY, et al. *v.* REED

No. 40477 May 13, 1957 95 So. 2d 231

*Butler, Snow, O'Mara, Stevens & Cannada, Dan Mc-Cullen,* Jackson, for appellant.

*Travis & Moore,* Jackson, for appellee.

ARRINGTON, J.

This is an appeal by the Houston Contracting Company and Zurich General Accident Insurance Company, its carrier, from a judgment of the Circuit Court of the First Judicial District of Hinds County affirming an order of the Workmen's Compensation Commission, which had affirmed the finding of the attorney-referee, awarding the claimant, appellee, compensation benefits, and the claimant cross-appeals.

Claimant was a resident of Louisiana and was employed by the appellant contracting company, who was engaged in the construction of a gas pipeline from Louisiana through Mississippi to a point in Tennessee. On June 1, 1954, claimant was employed by the contracting company in New Albany, Mississippi. The work was completed in Mississippi on August 5, 1954, and he, along with others, was transferred to the State of Tennessee. On September 22, 1954, the last day of his employment in Tennessee, he suffered an injury to his back and notified his foreman of his injury. He was unable to obtain medical services in Tennessee that day, so on the same day, he drove to his home in Louisiana where he consulted a doctor and obtained treatment. The construction job was completed in Tennessee on September 30, 1954.

The claimant first filed claim under the Louisiana Workmen's Compensation Law, but the suit was dismissed on the ground that the contract of employment was in Mississippi and that the Louisiana court had no jurisdiction. Reed v. General Accident Liability Insurance Co., 83 So. 2d 660.

The main assignment of error argued by the appellant is that the Workmen's Compensation Commission and the Courts of this State do not have jurisdiction of this claim under Section 6998-55, Mississippi Code of 1942, which reads as follows:

"(a) If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state, unless prior to the expiration of such six months' period the employer has filed with the commis-

sion of Mississippi notice that he has elected to extend such coverage a greater period of time.

"(b) The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer."

In the recent case of W. T. Winborn, Guardian of the Estate of Percy J. T. Winborn v. R. B. Tyler Company and Liberty Mutual Insurance Company, No. 40,453, decided April 22, 1957, subsections (a) and (b) of the statute were construed and is determinative of the question of jurisdiction in favor of the claimant in the instant case. The facts in the case before us are practically identical with the facts in the Winborn case, with the exception that Winborn was a citizen of Mississippi and the claimant here was a citizen of Louisiana. However, this fact is not material. The Court in the Winborn case, supra, in discussing subsections (a) and (b) of Section 6998-55, said:

"The crux of the contention of the employer and its carrier is that since claimant had no expectation of returning to Mississippi in his employment he was permanently assigned or transferred within the meaning of subsection (b). In other words, they contend subsection (b) means that unless the claimant was expected to return to Mississippi in an employment status with the employer after the work in Louisiana was completed, he was permanently transferred or assigned. Claimant was temporarily employed in Louisiana. His employment in that State was for a limited time only—the completion of the contract on that side of the river."

In considering the application of subsection (b) to the problem here involved, the question is not whether the departure from Mississippi was temporary or permanent, but whether the assignment or transferral elsewhere was temporary or permanent. In other words, the determinative fact is whether the assignment

or transfer elsewhere was permanent, not whether claimant had any reasonable expectation of returning to Mississippi with his employer. The word "permanent" in subsection (b) modifies assignment or transfer, not departure, therefore, since the job to which claimant was assigned or transferred in Louisiana was temporary in that it was to last only for a limited time, subsection (b) does not apply and claimant is entitled to compensation under the Mississippi Act.''

 The appellant next contends that the claimant failed to give notice of his injury as required by Section 6998-18. The record shows that the claimant notified Walters, one of his superiors, of his injury, which finding was affirmed by the commission and the circuit court. In the case of Port Gibson Veneer & Box Co. v. Brown, 83 So. 2d 757, this Court held that under the compensation act requiring notice of injury within thirty days, that notice to any superior of the injured employee is sufficient. We are of the opinion that the finding of the Commission is supported by substantial evidence and should be affirmed.

The appellee contends on cross-appeal that the court erred in affirming the commission's finding in awarding him permanent partial disability benefits since the medical evidence shows that he is temporarily totally disabled and in need of surgery. The finding of the referee, which was affirmed by the Commission and the circuit court, was that as a result of said injury, claimant should be paid compensation at the rate of $25 per week for temporary total disability from September 23, 1954, until January 15, 1955, at which time claimant had attained maximum medical recovery and from conservative treatment has a permanent partial disability of thirty-five percent to the body as a whole, and that such disability may be reduced by surgery.

The medical proof consists of reports by Dr. D. F. Overdyke, Jr., an orthopedic surgeon of Shreveport, Lou-

isiana, who treated claimant from November 1954 to July 1955, Dr. Thomas C. Turner, orthopedic surgeon of Jackson, Mississippi, who made an examination in March 1956, and Dr. J. Gordon Dees, a surgeon of Jackson. To summarize the reports, all of the doctors agreed that claimant was suffering from an injury to his spine and was unable to perform heavy work; that he would remain in this condition until he undergoes surgery—"lumbo-sacral fusion," which claimant is willing to do.

■■ We are of the opinion that the court erred in affirming the Commission's finding that the claimant had attained maximum medical recovery on January 15, 1955, and in awarding permanent partial benefits. Under the proof in this case, claimant was totally disabled within the meaning of Section 6998-09 (b), Mississippi Code of 1942. He is entitled to temporary total disability benefits until he recovers from the operation and attains maximum recovery. J. F. Crowe Well Servicing Contractor, et al v. Fielder, 224 Miss. 353, 80 So. 2d 29. At that time, his benefits for permanent partial disability under Section 6998-09 (c) (21), Code of 1942, can and should be evaluated.

■■ Appellee also files motion for damages in the amount of five percent and six percent interest, which motion is sustained; also motion for allowance of additional attorney's fee is sustained not to exceed 33⅓% of the amount of compensation awarded.

It follows that the judgment of the court below is affirmed on direct appeal, and on cross-appeal, is reversed and remanded.

Affirmed on direct appeal; reversed and remanded on cross-appeal.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.