Midland Shirt Company, et al. *v.* Ray

No. 42872          April 27, 1964          163 So. 2d 251

*Lawrence W. Rabb,* Meridian, for appellants.

*Roy N. Lee,* Forest, for appellee.

McELROY, J.

## ON SUGGESTION OF ERROR

We handed down our original opinion in this case on February 17, 1964, and it now appearing that we erred therein, the former opinion has been withdrawn

and will not be published. This opinion is substituted therefor.

■■■ On October 1, 1962, the attorney-referee entered an order awarding appellee, Ava Dee Ray, temporary total compensation benefits at the rate of $23.34 per week, beginning August 22, 1960 and continuing through August 22, 1962, or 104 weeks, and awarding claimant compensation for permanent partial disability at the rate of $10.00 per week beginning August 23, 1962, and payable during the continuance of such partial disability as provided by Sec. 6998-09(c)(25) of the Mississippi Workmen's Compensation Act as amended.

The Workmen's Compensation Commission affirmed the order of the attorney-referee on November 28, 1962, and there was no appeal from such order and it became final. Thereafter, on December 31, 1962, claimant's attorney filed a motion for allowance of an attorney's fee. On February 11, 1963, the Commission entered an order allowing the attorney's fee calculated on 346 weeks of permanent partial disability.

The Commission held that the 104 weeks of temporary total disability paid under Code Section 6998-08(b) should be deducted from the total of 450 weeks and that the amount of permanent partial disability paid under Code Section 6998-09(c)(25) would be 346 weeks.

Claimant appealed from the order allowing the attorney's fee and the Circuit Court of Newton County reversed the Commission's order and ordered that the attorney's fee be computed on the basis of 450 weeks of permanent partial weekly benefits beginning August 22, 1962, and remanded the case to the Commission for compliance with the order.

The employer and its compensation carrier appealed to this Court from the order of the Circuit Court.

The question for decision is whether the number of weeks an employee is paid weekly benefits for temporary total disability under Code Sec. 6998-08(b) should be

deducted from 450 in order to determine the number of weeks partial disability benefits are due under Code Sec. 6998-09(c)(25).

This precise question has not been decided by this Court. There are three catagories of weekly benefits paid as compensation for disability as provided in Code Sec. 6998-08, which in part is as follows:

"6998-08. Compensation for disability.

"(a) Permanent total disability: In case of total disability adjudged to be permanent, sixty-six and two-thirds per centum (66-2/3%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, shall be paid to the employee not to exceed four hundred fifty (450) weeks or the maximum of twelve thousand, five hundred dollars ($12,500.00), whichever shall be the lesser in amount. Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two (2) thereof, shall constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts.

"(b) Temporary total disability: In case of disability total in character but temporary in quality, sixty-six and two-thirds per centum (66-2/3%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, shall be paid to the employee during the continuance of such disability not to exceed four hundred fifty (450) weeks or the maximum of twelve thousand, five hundred dollars ($12,-500.00), whichever shall be the lesser in amount.

"(c) Permanent partial disability: In case of disability partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds per centum (66-2/3%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, which shall be paid following compensation for temporary total disability paid in accordance

with subdivision (b) of this section, and shall be paid to the employee as follows:

(Here follows a list of 24 scheduled benefits for specific injuries such as loss of arm, etc.)

"(25) Other cases: In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum (66-2/3%) of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest, and such payments shall in no case be made for a longer period than four hundred fifty (450) weeks."

In J. F. Crowe, etc. v. Fielder, 224 Miss. 353, 80 So. 2d 29, the majority of this Court stated that it was not the purpose or the intent of the legislature to provide greater benefits for partial disability than for death or permanent total disability. In that case, the sole issue on cross-appeal was whether the amount of weekly benefits payable during continuance of partial disability was limited by $8,600, and we held it was. Nothing else was decided. The Court stated in the opinion that the maximum period or amount for which weekly benefits may be paid for both permanent total and temporary total disability was 450 weeks or $8,600, whichever is the lesser. We did not refer in this statement to the aggregate of permanent total and temporary total, but that the two catagories were each so limited.

Thereafter in Morgan v. J. H. Campbell Construction Company, 229 Miss. 289, 90 So. 2d 663, the Court held that a claimant is not entitled to recover both for temporary total disability and then upon his disability being determined to have been total from the date of the

injury, start over again and draw 450 weeks for permanent total disability. In effect, the Court there held that if the disability was total from the date of the injury there could be no temporary total disability, whereupon the total number of weekly payments would be limited to 450 weeks.

Since the precise question here involved has not been decided by this Court, we look to the terms of the statute itself and find that it requires an affirmance of the order of the circuit court. Code Sec. 6998-08(b) provides that weekly benefits for temporary total disability shall be paid for a period of not exceeding 450 weeks or the maximum of $12,500, whichever shall be the lesser in amount. In the case before the Court, the claimant was paid 104 weeks of temporary total disability. Code Sec. 6998-08(c) provides that weekly benefits for permanent partial disability "shall be paid following compensation for temporary total disability. . ." and subsection (25) thereof provides that "such payments shall in no case be made for a longer period than four hundred fifty (450) weeks."

The payments which are limited to 450 weeks by subsection (25) are those for permanent partial disability. Nowhere in the Act is there any indication that the two catagories of temporary total disability and permanent partial disability are to be considered together and the aggregate number of weekly payments limited to 450.

We realize that under this decision a person receiving permanent partial disability could, under some circumstances, receive more than a person who sustained a total permanent disability. But this is a matter for the legislature. We conclude that under the plain words of the statute the number of weekly compensation payments under Code Sec. 6998-09(c)(25) during the continuance of permanent partial disability is limited only by the 450 weeks, or $12,500, whichever shall be the lesser in amount.

It follows that the suggestion of error is sustained, the judgment of the circuit court is affirmed and the cause remanded to the Commission for compliance therewith.

Suggestion of Error sustained, order of circuit court affirmed, and case remanded to the Commission.

*Gillespie, Jones, Brady and Patterson, JJ.,* concur.