DILLINGHAM MANUFACTURING COMPANY, et al. *v.* UPTON

No. 43407          March 15, 1965          172 So. 2d 766

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellant.

*Willard L. McIlwain,* Greenville; *Pyles & Tucker,* Jackson, for appellee.

ETHRIDGE, J.

This workmen's compensation case involves the amount of contribution of claimant's preexisting physical handicap, disease or lesion to his disability; application of apportionment to permanent, total disability after medical findings; and the method of computation of claimant's average weekly wage.

Benson A. Upton, appellee, began working for appellant Dillingham Manufacturing Company of Leland, in April 1962 as a press operator. On September 11, 1962, while in the course and scope of his employment, he walked under some scaffolding and slipped on wet plaster, which caused him to fall and to injure his back. At the time of his injury, he was 47 years of age, and previously had been employed as a laborer at farms and sawmills, and as a carpenter.

In 1960, while working for someone else, Upton sustained an injury to his back. He was treated by a neurosurgeon, who removed two ruptured discs from his low back. Until the time of the accidental injury of September 1962, Upton continued to suffer pain in that area, and to take medication originally prescribed for him by that surgeon.

After the 1962 injury, Upton was examined and treated by Dr. Thomas H. Simmons, a general practitioner of Leland, who found him to be suffering from pain in his low back, where he had undergone surgery in 1960. He was also found to be anemic. He had been undergoing treatment by Dr. Simmons since May 1962 for an ulcer condition. Dr. Simmons referred Upton to Drs. Hamilton and Barnes, orthopedic specialists. He had not been able to work since the injury of September 1962, according to both his and the medical testimony at the hearing before the attorney-referee in September 1963.

The attorney-referee held that Upton suffered from pre-existing handicaps. As a result of the injury, he

was temporarily and totally disabled for a period of September 12, 1962, through July 16, 1963; and on July 17, 1963, he became permanently and totally disabled. Claimant's pre-existing condition contributed 50% to the results following injury. His average weekly wage was $38.32, and he suffered a wage-earning loss of $19.16.

The Workmen's Compensation Commission set aside the award of the attorney-referee, but it said the facts found by him were substantially correct. The commission fixed his average weekly wage at $44.24. It found a contribution by claimant's pre-existing condition of 50%, so it computed his loss of wage-earning capacity at $22.12. The commission held that claimant had been totally and permanently disabled from the date of the accident, September 11, 1962, so it began permanent benefits on that date. It computed his compensation at the rate of $14.75 per week (two-thirds of the wage-loss of $22.12) for a period of not more than 450 weeks or a maximum of $12,500, ordered defendants to pay all medical expenses, and assessed a penalty against them on compensation payments due and unpaid.

The Circuit Court of Washington County increased claimant's average weekly wage to $57.00, reduced the contribution of pre-existing condition from 50% to 20%, and found that the 1962 injury contributed 80%. The loss of wage-earning capacity was $45.60, entitling claimant to compensation benefits of $30.40 per week. The circuit court affirmed the commission on other parts of its order.

The commission is the trier of facts. The question is whether there was substantial evidence to support its findings of fact and conclusions of law.

■■ ■ Compensation is required to be reduced by that proportion which a pre-existing physical handicap, disease or lesion contributes to the production of the results following the injury. Miss. Code Ann. § 6998-04 (Supp. 1962). The commission has a reasonable area

of discretion in determining the percentage of apportionment. Southeastern Constr. Co. v. Dodson, 247 Miss. 1, 153 So. 2d 276 (1963). Dr. Barnes estimated Upton's disability at 25 percent to the body as a whole, with 10 percent attributable to the previous back condition and 15 percent to the 1962 injury. He said claimant had an unstable back resulting from the surgery. Dr. Hamilton estimated a 35 percent permanent partial disability on a functional basis, with 15-20 percent attributable to prior back condition. The undisputed evidence reflects that appellee's pre-existing condition, removal of two ruptured discs, was a material contributing factor in the results following injury. The doctors' testimony was directed solely to their estimates of functional disability. It supports but does not necessarily control the commission's determination of the amount of contribution. It could consider this medical testimony and all of the other facts in the record, in reaching its conclusion that appellee's pre-existing infirmities contributed 50% to the results following the injury. There was substantial evidence to support that finding. The question is one of degree. Dunn, Miss. Workmen's Compensation Law §§ 94.4-94.8A (Supp. 1965). Further, appellants adequately pleaded the pre-existing infirmities.

The commission was also justified in determining that appellee's average weekly wage was $44.24. The employer's original record of wage earnings by Upton was properly introduced into evidence, both in the attorney-referee's authorization for it to be filed, and in his action on the request of appellee's counsel for the entire commission record to be introduced in evidence. The total amount of wages earned by Upton for 20 weeks was $842.71, which mathematically would be computed at $42.14 a week. The commission added an additional $2.10 per week to this figure. Claimant had missed some work, although under the basic statutory formula each week during which some work is done is counted in

making the computation. Bradshaw v. Rodder, 227 Miss. 143, 85 So. 2d 778 (1956); Pepper v. Barrett, 225 Miss. 30, 82 So. 2d 580 (1955); Dunn, *supra,* § 33. The statute provides that if the employment before injury was for less than 52 weeks, "the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, however, that results just and fair to both parties will thereby be obtained." Miss. Code Ann. § 6998-16 (1952). The last clause grants the commission a reasonable area of discretion in fairness to both parties. The small additional amount added to claimant's average weekly wages, as computed from his wage-earning statement, was not without some reasonable basis within the latitude allowed by the act.

■■ ■ Hence we affirm the commission on its computation of average weekly wages, as well as the degree of apportionment. The circuit court erred in both respects.

■■ ■ The attorney-referee's order was entered on October 10, 1963. He found that Upton was temporarily and totally disabled for the period beginning September 12, 1962, through July 16, 1963, and thereafter was totally and permanently disabled. The commission reversed this finding, and held that claimant had at all times since the injury of September 11, 1962, been permanently and totally disabled, and such permanent total disability benefits would begin on that date. This was based on the following rule: Where a claimant's entire disability relates back to the beginning of his rating of temporary total disability, and the latter becomes permanent at a later time as of the date of the injury, claimant is not entitled to recover both for temporary total disability up to the date on which it was discovered to be permanent, and also to recover for permanent total disability after the discovery of such total disability. He is limited to recovering only the maximum allowable

for permanent total disability beginning with the date of the injury. The entire disability relates back to the beginning of his rating of temporary total. Morgan v. J. H. Campbell Const. Co., 229 Miss. 289, 90 So. 2d 663 (1956); Nicholas Co., Inc. v. Dodson, 232 Miss. 569, 99 So. 2d 666 (1958).

██ However, the foregoing rule must be considered also in the light of the recent decision in Sanders v. B. E. Walker Constr. Co., 169 So. 2d 803 (Miss. 1964), where the Court held that the apportionment act does not apply to disability benefits until the commission, or its agent, the attorney-referee, on a hearing with medical testimony can determine the proportion of contribution. Apportionment does not apply until that time. 169 So. 2d at 807.

██ The rules of these two cases are correlative and supplementary to one another. Hence we hold that Upton was entitled to total and permanent disability benefits, without apportionment, until the date of the order of the attorney-referee, which was based upon a hearing, and at which medical testimony was received by the commission's referee and he determined the degree of apportionment. As *Sanders* held, the apportionment cannot be made at an earlier date.

Accordingly, the order of the commission is modified and amended to provide that Upton shall receive total and permanent disability benefits, without apportionment for pre-existing infirmities, from September 11, 1962, to October 10, 1963, the date of the order of the attorney-referee fixing the apportionment of contribution of the preexisting condition. Thereafter appellants shall pay compensation to claimant in the amount fixed by the commission's order, with apportionment. However, compensation shall continue for a period of not more than 450 weeks from the date of injury or until a maximum of $12,500 has been paid, including compensation received both before and after apportion-

ment took effect, whichever of these figures shall be lesser in amount. In all other respects the commission's order is correct. Hence the judgment of the circuit court is reversed, and judgment is entered here affirming the order of the Workmen's Compensation Commission, as amended and modified by the judgment of this Court as set forth above.

There is no merit in appellee's cross-appeal. Apportionment for pre-existing infirmities was properly applied, and the commission was justified in determining that claimant was permanently totally disabled, and should receive such permanent benefits, rather than temporary benefits only. Moreover, claimant himself urged the commission to find that he was permanently and totally disabled, and assigned no error on this point as to the attorney-referee's finding in his appeal to the full commission. The question of the degree and duration of disability is essentially one of fact. Hence the case is affirmed on cross-appeal.

On direct appeal reversed, and order of Workmen's Compensation Commission affirmed as modified and amended; on cross-appeal, affirmed.

*Kyle, P. J., and Rodgers, Brady and Inzer, JJ.,* concur.