ETHRIDGE, Chief Justice:
This workmen’s compensation case involves the percentage of contribution of a pre-existing artet ial disease to a fatal heart attack, and the time of apportionment in a death case, where the employee lived for two weeks after his attack. We affirm the order of the Workmen’s Compensation Commission, later approved by the Circuit Court of Harrison County.
Joseph I. Davis, 13.years of age, was a motion picture projectionist at the theatre owned by appellant, B. & D. Theatres, Inc. On January 28, 1965, while working for several hours in the small projection room of the theatre, he suffered a coronary occlusion with a resulting myocardial infarction. He died on February 17. The Commission concluded that Davis’ 'work contributed to his heart attack and death. Appellants make no issue on that question.
The statute provides that, where a pre-existing disease is shown by medical findings to be a material contributing factor in the results following injury, the compensation shall be reduced by that proportion which such pre-existing disease contributed to such results. Miss.Code Ann. § 6998-04 (1964 Supp.). The Commission attributed twenty-five percent to the preexisting atherosclerosis. The percentage of contribution of a prior condition to an injury is not ordinarily susceptible of exact proof. It must be left largely, if not entirely, to the discretionary estimate of the Commission. Bill Williams Feed Service v. Mangum, 183 So.2d 917 (Miss.1966); Southeastern Const. Co. v. Dodson’s Dependents, 247 Miss. 1, 153 So.2d 276 (1963). A careful review of all of the evidence reflects that the Commission did not abuse this discretion in fixing the percentage of contribution. Variances in the medical and non-medical testimony, among other considerations, warranted its decision.
The Commission held that apportionment would not start until the day following the attorney-referee’s 'order.
In Sanders v. B. E. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), claimant stiffered 'a heart attack; *847 not fatal, and there was a pre-existing atherosclerosis. It was held that the results following injury, under the apportionment statute, could not be determined until the Commission could reasonably determine from medical evidence the contribution of the disease to the results following injury; that the legislature did not intend to provide for apportionment prior to a hearing before the attorney-referee; and that from the date of injury to the order of the attorney-referee there could be no apportionment.
In Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), claimant suffered a back injury, and there was a pre-existing condition. The attorney-referee held that claimant was temporarily, totally disabled for a period of eleven months, and thereafter was totally and permanently disabled, but the Commission stated that claimant had been totally and permanently disabled from date of injury, and apportioned from that date. This Court reversed the Commission and in effect reinstated the order of the attorney-referee. It was held that Sanders decided,
“ * * * that the apportionment act does not apply to disability benefits until the commission, or its agent, the attorney-referee, on a hearing with medical testimony can determine the proportion of contribution. Apportionment does not apply until that time.”
Accordingly, claimant was entitled to total permanent disability benefits without apportionment until the date of the attorney-referee’s order, when medical testimony had been received and the attorney-referee had determined the degree of apportionment; that “apportionment cannot be made at an earlier date.”
Nevertheless, appellants contend that the Sanders rule does not apply to death benefits, but only to disability compensation. The statute does not make such a distinction, nor do the Sanders and Dillingham cases. The reasons for the rule are that, until a hearing by a representative of the Commission, no percentage of apportionment can be determined; and the employer prior thereto should not have the power to make such determination. In a death case, the same reasons apply. Apportionment does not begin until the date of the attorney-referee’s order.
The Commission ordered defendants to pay compensation death benefits “at the rate of $22.35 per week, beginning June 15, 1965, and payable as proyided by section 9 of the Mississippi Workmen’s Compensation Act as amended.” There is no error in this order. It is in accord with those approved in Sanders and Dillingham, and with the statute. Miss.Code Ann. § 6998-04 (1964 Supp.). Appellants argue that the percentage of contribution by the pre-exist-ing condition should be applied to the maximum of $12,500; and “that amount is the amount to be reduced and not necessarily the weekly benefit.” Apportionment of the maximum is implicit in apportionment of weekly benefits. The order is in accord with the method used in the two above cases and Southeastern Construction Company v. Dodson, 247 Miss. 1, 19-21, 153 So. 2d 276, 285-286 (1963).
Since this case is affirmed, oui judgment will award to appellee interest at six percent per annum on all installments due and owing, and the five percent statutory penalty.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.