212 So.2d 581 (1968)
COCKRELL BANANA COMPANY and U.S.F. & G. Company
v.
Roy HARRIS.
No. 44938.
Supreme Court of Mississippi.
July 8, 1968.
*583 Smallwood, Darden & Sumners, New Albany, for appellants.
Mitchell & Rogers, Tupelo, for appellee.
BRADY, Justice:
This is a workmen's compensation case which has been appealed from the Circuit Court of Lee County. The judgment of the circuit court affirmed the order of the Workmen's Compensation Commission.
On March 4, 1963, the appellee suffered a compensable back injury, and he was paid temporary total disability benefits until October 3, 1963, when payments were discontinued because the carrier was unable to obtain medical reports. Claimant began working as a motel manager about the time his benefits were discontinued.
On November 16, 1963, appellee's doctor furnished the required medical information by filing form B-27 (Final Medical Report). The appellee was given a physical disability rating of fifteen percent which was classified as permanent. In December 1963, following receipt of the report, appellee was offered fifteen percent of two-thirds of his weekly wage, which amounted to $13.75. Appellee refused this offer and neither party requested the claim be controverted.
On September 29, 1964, the appellants filed an unsigned form B-31 (Final Report and Settlement Receipt). On January 18, 1966, the appellants filed another B-31 and sent the appellee a copy by registered mail. Also in January 1966, the appellants refused to pay for an office visit appellee made to his doctor on January 26.
On August 8, 1966, appellee filed a claim under the Workmen's Compensation laws. Following hearings the attorney-referee entered an order on April 11, 1967, stating that appellee had sustained a fifteen percent permanent partial disability of which fifty percent was due to a pre-existing condition. The attorney-referee further found that more than one year had elapsed from the filing of the B-31 and the filing of the claim, and the claim was therefore barred by the one-year statute of limitations.
An appeal was taken to the Workmen's Compensation Commission. The Commission reversed the attorney-referee and held the claim was not barred by the statute of limitations because the appellee had no notice of the filing of the B-31 until January 18, 1966. The Commission further found that appellee was temporarily and totally disabled from March 4, 1963, to December 31, 1963; that appellee suffered a fifteen percent permanent partial disability, of which fifty percent was due to a pre-existing condition; and that he had a wage earning loss of $61.03.
The Commission ordered appellants to pay (1) temporary total benefits at the rate of $35 per week from March 4, 1963, to December 31, 1963; (2) permanent partial disability benefits at the rate of $35 per week from December 31, 1963, to April 11, 1967 (date of attorney-referee's order); and (3) thereafter $17.50 per week for an aggregate of 450 weeks, the total not to exceed $14,500. The circuit court affirmed the order of the Commission.
A dilemma is frequently created when the legislature enacts statutes and creates commissions which have the duty of providing *584 maintenance and care for certain citizens of the state, such as the Workmen's Compensation Commission, but does not decisively state its collective intent. Such a condition is common to all states when the legislative intent is clouded. Experience and common sense assert that no legislature reasonably could have anticipated, answered and settled all of the numerous questions and issues which such a complicated and portentous act would entail. Nevertheless, when the intent is obscure or doubtful this Court is confronted with the choice of one of two alternatives: First, either decline to attempt to ascertain the dubious legislative intent and thereby prevent the operation of the statute, or, second, to resolve as best it can from the act and from comparable statutes in this and other states what the intent of the legislature must be.
In Mississippi Code 1942 Annotated section 6998-04, we have a classical example of the failure of the legislature to state explicitly when it wanted apportionment to begin or how apportionment was to be applied to the results following injury. In our attempt to reasonably interpret the legislative intent under the second alternative, as will be shown hereafter, we have, by our decisions, created some confusion and permitted unequal application of the apportionment statute, thereby creating a lack of uniformity in awarding benefits to claimants. It is our intention to resolve, if possible, any confusion and eliminate any injustices which may have been occasioned by our interpretation of the application of the apportionment statutes of the Workmen's Compensation Act.
At the outset of the discussion of the question of apportionment, it should be remembered that we are dealing with a case involving injury to the body as a whole rather than one involving the loss of a member.
Mississippi Code 1942 Annotated section 6998-04 (Supp. 1966) contains the portion relating to apportionment which commands our attention. It states:
Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-existing physical handicap, disease or lesion contributed to the production of the results following the injury.
One question raised by this appeal is: Does apportionment of benefits due to a pre-existing condition apply to weekly benefits and the maximum allowable benefits under the statute? In addition, corollary questions are presented by the briefs which we feel must be resolved in order to properly resolve the controversy. Therefore, we now re-examine our decisions on these matters.
In Sanders v. B.E. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), and Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), the Court committed itself to the proposition that apportionment did not apply until the date of the attorney-referee's order. See also Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968), and B. & D. Theatres, Inc. v. Davis, 190 So.2d 845 (Miss. 1966). Thus from the date of injury to the date of the attorney-referee's order a claimant would be entitled to the full amount of compensation allowable in his particular situation, irrespective of a pre-existing infirmity. The reason advanced for this rule was that until treatment had been completed and competent medical evidence heard, the attorney-referee would have no basis for determining the percentage of apportionment.
In Sanders, supra, the elapsed time between the injury and the attorney-referee's order was seven months and eight days; in Dillingham, supra, it was one year and twenty-nine days; in Goasa, supra, it was two years, seventeen weeks and five days. *585 As was prophetically stated in the dissenting opinion of Justice Robertson in Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968), in the instant situation the elapsed time has jumped to approximately three years and seven months.
While this State remains largely agricultural, it is apparent to all that the industrial capacity of the state is growing at a rapid rate. The number of workers coming under the terms of the Workmen's Compensation statutes grows daily. The executive and legislative branches of state government are actively promoting industrial growth. As the state grows industrially, there naturally follows an increase in industrial accidents. The time is rapidly approaching when, under our former decisions, as far as time of apportionment is concerned, the important factor could well be not what the attorney-referee decides but when he decides it.
In dealing with another vital problem in the field of workmen's compensation law, this Court has said that permanent partial disability payments do not begin until the claimant has attained maximum medical recovery. Komp Equip. Co. v. Clinton, 236 Miss. 560, 111 So.2d 259 (1959), sugg. of error overruled, 112 So.2d 541 (1959); Houston Contracting Co. v. Reed, 231 Miss. 213, 95 So.2d 231 (1957); Laurel Daily Leader, Inc. v. James, 224 Miss. 654, 80 So.2d 770 (1955). Until maximum medical recovery has been reached the claimant is entitled to full temporary total disability payments unless such disability was total and permanent on the date of injury. Morgan v. J.H. Campbell Constr. Co., 229 Miss. 289, 90 So.2d 663 (1956).
We are of the firm opinion that apportionment of disability payments should start as of the time the claimant has reached maximum medical recovery. Any part of previously rendered decisions that are in conflict with the foregoing interpretation are hereby overruled. We are of the opinion that this determination is the most just and equitable manner by which the equal administration of the Workmen's Compensation law can be accomplished. By adopting this position, application of the apportionment statute is no longer made to depend largely on the schedule of a busy attorney-referee, but can be based on competent medical evidence, as the statute contemplates.
Naturally, neither the date of maximum medical recovery nor the determination of the percentage of apportionment are questions for determination by the employer or carrier. These facts must be determined by the attorney-referee whose order is subject to review by the full commission, the ultimate fact finding body.
If maximum medical recovery has occurred before the attorney-referee's hearing and order, credit for any excess payments by the employer and carrier shall be allowed in future payments. Such allowances and the method for crediting excess payments against future payments shall be determined by the attorney-referee subject to a review by the full commission.
In our opinion the interpretation of the apportionment statute so as to begin apportionment on the date of the hearing by the attorney-referee is manifestly erroneous and is mischievous in operation, as time has proven since the Sanders case, and those cases so holding are overruled to the extent that they conflict with this decision.
In summary, after the date the employee reaches maximum medical recovery, weekly compensation benefits in the language of the statute shall be reduced by that proportion which the pre-existing physical handicap, disease or lesion contributes to the results following injury.
We will next consider the question of the apportionment of maximum benefits, but before considering the issue at hand, a review of the cases concerning apportionment is in order. In Southeastern Construction Company v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963), the *586 claimant suffered a heart attack while at work and fell dead. The attorney-referee awarded full death benefits; the commission reversed and found that twenty-five percent of the injury was due to a pre-existing disease; the circuit court reversed the commission and reinstated the attorney-referee's order. On appeal this Court found the commission was justified in apportioning the benefits and said the following:
In short, the commission followed this method of computation: The total weekly compensation benefits in death cases shall not exceed $35, for a longer period than 450 weeks, or a greater amount than $12,500. * * * Deducting 25 percent ($8.75) from the weekly maximum of $35 results in weekly benefits of $26.25. As to maximum aggregate benefits, 25 percent of $12,500, apportionable to pre-existing disease, is $3,125. Deducting that from the maximum otherwise payable leaves maximum apportionable benefits of $9,375.
* * * * * *
Hence the commission correctly applied the 25 percent apportionment to $35 per week and the maximum of $12,500. It used the proper formula in accord with the terms of section 4 [Mississippi Code 1942 Annotated section 6998-04 (Supp. 1966)]. (247 Miss. at 19, 153 So.2d at 285).
Thus in Dodson apportionment was applied to both the weekly and maximum benefits.
In Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), the claimant suffered a back injury on September 11, 1962. The attorney-referee found that Upton suffered from a pre-existing handicap and was temporarily and totally disabled from September 12, 1962, through July 16, 1963. On July 17, 1963, he became permanently and totally disabled. The pre-existing condition contributed fifty percent to the results following injury. The commission found a different wage earning loss and said the claimant was permanently and totally disabled from the date of injury but otherwise found the attorney-referee's findings of fact were essentially correct. It computed compensation at $14.75 per week for not more than 450 weeks or a maximum of $12,500. The circuit court made further changes in figures but otherwise affirmed the commission. This Court said apportionment applied only from the date of the attorney-referee's order and further said as follows:
Thereafter appellants shall pay compensation to claimant in the amount fixed by the commission's order, with apportionment. However, compensation shall continue for a period of not more than 450 weeks from the date of injury or until a maximum of $12,500 has been paid, including compensation received both before and after apportionment took effect, whichever of these figures shall be lesser in amount.
* * * Apportionment for pre-existing infirmities was properly applied, and the commission was justified in determining that claimant was permanently totally disabled, and should receive such permanent benefits, rather than temporary benefits only. (252 Miss. at 288, 172 So.2d at 769).
It is not known whether the question of apportionment of maximum benefits was argued in Dillingham. However, since such short treatment is given the question and because it is seemingly in direct conflict with Dodson, it is not unreasonable to conclude that the question was not even considered by the Court. In any event, the decision seemingly is in direct conflict with Dodson and understandably might be an implied rejection of the position there assumed. It is, therefore, a source of some confusion in this particular area of workmen's compensation law.
In B. & D. Theatres, Inc. v. Davis, 190 So.2d 845 (Miss. 1966), the claimant suffered a fatal heart attack. The commission attributed twenty-five percent of the *587 injury as due to a pre-existing disease. The Court said:
Appellants argue that the percentage of contribution by the pre-existing condition should be applied to the maximum of $12,500; and "that amount is the amount to be reduced and not necessarily the weekly benefit." Apportionment of the maximum is implicit in apportionment of weekly benefits. The order is in accord with the method used in the two above cases (Sanders and Dillingham) and Southeastern Construction Company v. Dodson * * *. (190 So.2d at 847).
From the foregoing language it appears that apportionment would apply to the maximum benefits as heretofore outlined in Dodson. Again it must be conceded that Davis would create more confusion among members of the bar and other interested parties in view of the apparently inconsistent position of the Court as regards apportionment of maximum benefits.
In Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968), the claimant suffered a heart attack which the attorney-referee found was twenty-five percent work connected and seventy-five percent due to a pre-existing condition. The employer and carrier were ordered to pay permanent total disability for a period not to exceed 450 weeks or $12,500, whichever was less, at the rate of $35 per week from May 27, 1964 (date of accident), to the date of the attorney-referee's order, and $10 per week thereafter. This order was affirmed by the commission and circuit court. In the opinion, this Court quoted from Dillingham the same passage which has appeared heretofore in this opinion, and further said:
It is our opinion that these cases (Sanders v. B.E. Walker Construction Co., 251 Miss. 352, 169 So.2d 803 (1964) and Dillingham) are dispositive of the issue and we reaffirm our holdings therein as correctly stating the rules of apportionment of compensation benefits due to pre-existing infirmities. (208 So.2d at 579).
The writer of the opinion, Justice Patterson, and the other justices concurring, were gravely concerned over the status of apportionment generally as defined in former cases and with regard to apportionment in the Goasa case, but felt that the facts in that case were not appropriate to justify abrogation of the rule of stare decisis as set out in Sanders and Dillingham. Thus through the interpretation in Goasa it would seem the pendulum has once again swung to the side of non-apportionment as far as maximum benefits are concerned. Again it should be noted that there was no extensive discussion or direct mention of apportionment as it applies to maximum benefits in the Goasa opinion, which was compelled by the Sanders and Dillingham opinions. However, the implication is there and serves as another medium to generate confusion.
In summary, the previous decisions are arranged as follows: The Dodson and Davis cases announce the rule that apportionment applies to the weekly and maximum benefits. Furthermore, these cases say so directly, clearly and in unambiguous language. The Goasa and Dillingham cases make no changes in the orders rendered below insofar as the maximum allowable is concerned, but neither do they directly announce that apportionment does not apply to maximum benefits. They merely infer that such is the rule, and only by implication could they be construed to override Dodson and Davis.
It has been a long established practice in this State for this Court to judicially recognize all proper operations and procedures of the administrative agencies of this State. Through this knowledge, we recognize the Workmen's Compensation Commission has, since the enactment of the apportionment statute, applied apportionment to weekly benefits. Through this knowledge we further recognize the fact that the commission has not applied apportionment *588 to the maximum allowable. In view of the present divergencies of the opinions and the practices of the commission in trying to follow them, we feel it is imperative that we make a concise pronouncement of our interpretation on the matter of apportionment.
The decision has not been one which has been easily reached and all on this Court are not in complete harmony as far as all phases of the opinion are concerned. Maximum benefits under the act, including temporary and permanent benefits, are $14,500. In other cases the maximum allowable is $12,500. This Court is of the opinion that, to give the apportionment statute the meaning intended by the legislature, maximum benefits, as well as weekly, are to be subjected to apportionment, as was succinctly stated by Chief Justice Ethridge in the Dodson case. Thus the implications contained in Dillingham and Goasa are dispelled and the rule as promulgated by Dodson is to be followed as far as future apportionment is concerned.
The following is a general summary of the pronouncements of the foregoing opinion:
(1) Apportionment shall not be applied until the claimant has reached maximum medical recovery.
(2) The employer or carrier does not have the power to determine the date of maximum medical recovery or percentage of apportionment. This must be done by the attorney-referee, subject to review by the commission as the ultimate finder of fact.
(3) After the date the claimant reaches maximum medical recovery, weekly compensation benefits and maximum recovery shall be reduced by that proportion which the pre-existing physical handicap, disease or lesion contributes to the results following injury.
(4) If maximum medical recovery has occurred before the hearing and order of the attorney-referee, credit for excess payments shall be allowed in future payments. Such allowances and method of accomplishment of the same shall be determined by the attorney-referee subject to review by the commission. However, no actual repayment of such excess shall be made to the employer or carrier.
While we are genuinely sympathetic with those who incur immedicable woes in industrial employment, this Court cannot assume the prerogative of becoming a panacea therefor. It is expressly a legislative potential and privilege.
If this interpretation is not in harmony with the intent of the legislative branch of our state government, then that body can easily and specifically outline their basic intention in an amendment to the statutes controlling so that there can be no further doubt in the matter. Any conflict in the foregoing cases is hereby negatived and overruled. Therefore, the order of the circuit court is reversed and the case is remanded to the Workmen's Compensation Commission for further proceedings. It is directed to apportion appellee-claimant's permanent partial disability, in the amount of fifteen percent, to his average weekly earnings reduced by fifty percent from the time he reached maximum medical recovery. The Commission is likewise directed to reduce his maximum benefits under the statute. There shall be no apportionment or limitation on his medical services and supplies.
Reversed and cause remanded to the Workmen's Compensation Commission for further proceedings not inconsistent with this opinion.
All Justices concur except RODGERS and INZER, JJ., who dissent.
RODGERS, Justice (dissenting):
I realize that this case has been thoroughly, painstakingly and minutely considered by this Court, and it is apparent that the Court is determined to change its *589 course and to upset the well considered opinions previously determined by this Court in order to clarify the apparently conflicting opinions heretofore entered. The clear meaning of the majority opinion in this case is that the compensation due to workmen under the Workmen's Compensation Law is reduced not only as to the weekly benefits but also as to the total amount he is entitled to recover.
The complaint is made that the opinion in the case of Sanders v. B.E. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), is unfair to the Employer and Carrier because this case required that the workman be paid total and permanent disability benefits so long as "the injured worker was in the hospital, or otherwise totally disabled" * * * "beginning on the fourteenth day following the injury until the order of apportionment has been made." It is also contended that the attorney referees are busy and may not get to enter an order for several weeks, and that the insurance carrier would have to pay compensation for total and permanent disability even after the worker had reached "maximum medical recovery." We said in Sanders, however, that, "Any other construction would be unreasonable and nullify the salutory provisions of the Act. Since the Legislature did not provide that the apportionment be made at an earlier date, it is evident that it had no such intention." In short, this Court was required to fix a date as to when temporary total benefits ended  "following compensation for temporary total disability" (§ 6998-09, Miss. Code Ann. 1942 (Supp. 1966)  and the time when permanent partial benefits began. There can be no apportionment of the benefits due while the workman is sick in the hospital or otherwise totally disabled. (§ 6998-09, supra.) We decided that the date of the order of the attorney referee fixing the beginning of the permanent partial benefits was fair, because it was clearly the duty of the employer to pay the benefits due the workman unless the claim was controverted. (§ 6998-19). Hence, the contention that workmen could go along for many months after filing claim and do nothing about the claim is not valid, because the employer has the right to controvert at any time. We have approved the rule in Sanders on several occasions since that time.
In Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), we pointed out that the apportionment statute did not apply until after the order of the attorney referee had been entered. In Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968), we said: "It is our opinion that these cases [Sanders and Dillingham, supra] are dispositive of the issue and we reaffirm our holdings therein as correctly stating the rules of apportionment of compensation benefits due to pre-existing infirmities." In the case of B. & D. Theatres, Inc. v. Davis, 190 So.2d 845 (Miss. 1966) we also reaffirmed our holding in Sanders. It seems to me, therefore, that we are, by the majority opinion in this case, sweeping aside the progress we have made in an effort to protect workmen against unreasonable delay and erratic payment of benefits guaranteed to workmen by the Workmen's Compensation Law.
It is argued that this Court has said other things at other times in other opinions. If that be true, and it is apparent that we have, let us not lose the progress we have made. It is far better to strike down those cases contrary to Sanders than to strike down the hard won right of the laborer to be paid temporary total benefits until it is determined he has recovered. Any other rule will permit, and indeed, require, every company doctor to get an injured patient out of bed as soon as he can stand alone so as to report that he has "reached maximum medical recovery."
Another sad commentary incorporated in the opinion of this Court in the instant case is that we have now agreed to apportion the benefits the worker is entitled to receive twice: First, as to the weekly benefits due to the worker "following compensation for temporary total disability paid in accordance with subsection (b) of this section *590 * * *." (§ 6998-09(c), Miss.Code 1942 Ann. (Supp. 1966); second, we also apportion the maximum recovery a worker may receive for his partial total disability. This, of course, reduces the small maximum benefits the worker may recover at a time when he is trying to get back into the labor market to make a living for his family with a new handicap which of itself reduces his ability to earn a living.
Section 6998-09(c), Mississippi Code 1942 Annotated (Supp. 1966) is as follows:
"In case of disability partial in character but permanent in quality, the compensation shall be sixty-six and two-thirds per centum (66 2/3%) of the average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, which shall be paid following compensation for temporary total disability paid in accordance with subdivision (b) of this section * * *."
What does the subsection say? It says:
"* * * shall be paid to the employee during the continuance of such disability not to exceed four hundred fifty (450) weeks or the maximum of twelve thousand, five hundred dollars ($12,500.00), whichever shall be the lesser in amount."
There are certain enumerated losses to be compensated as provided in section 6998-09(c), supra, but following these named injuries subsection 25 is in the following language:
"Other cases: In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds per centum (66 2/3%) of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this act, and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest, and such payments shall in no case be made for a longer period than four hundred fifty (450) weeks."
In 1958 the legislature amended section 6998-04 so as to apportion the benefits due to workmen for previous bodily handicaps. The second paragraph of this amendment is as follows:
"Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-existing physical handicap, disease or lesion contributed to the production of the results following the injury." [Emphasis added] Miss.Code 1942 Ann. § 6998-04 (Supp. 1966).
Let it be clearly understood that the above section does not apportion the number of weeks or time when the apportioned weekly benefits shall be payable. It apportions only "the compensation" which would be payable, and the only compensation payable under the law for permanent total disability is weekly benefits. Mississippi Code 1942 Annotated section 6998-02(10) (Supp. 1966) defines compensation as follows: "`Compensation' means the money allowable payable to an injured worker or his dependents as provided for in this act, and includes funeral benefits provided herein."
In Midland Shirt Company v. Ray, 249 Miss. 486, 163 So.2d 251 (1964), we made it abundantly clear that the 450 weeks due the workman for permanent partial disability could not be reduced by the number of weeks previously paid for temporary total disability. Subsection 25 of section 6998-09(c), supra, makes it crystal clear that the weekly benefits are only "subject to the maximum limitations as to weekly benefits as set up in this act * * * payable during the continuance of such partial disability, *591 but subject to reconsideration of the degree of such impairment by the commission * * *."
The maximum recovery of $14,500.00 set out in section 6998-07(b), Mississippi Code 1942 Annotated (Supp. 1966) simply puts a limitation on the overall amount of compensation that may be recovered, but it does not reduce the number of weeks payable under the law at the reduced benefits as apportioned by the Workmen's Compensation Commission under the authority of section 6998-04, Mississippi Code 1942 Annotated (Supp. 1966). The maximum limitation of compensation for permanent partial disability is $12,500.00. Miss.Code 1942 Ann. § 6998-09 (Supp. 1966).
It has been pointed out and argued that this Court permitted a 25% reduction of the maximum of $12,500, leaving a maximum payable of $9,375, in a death claim in the case of Southeastern Construction Company v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963). We are also told that we permitted the maximum to be apportioned in B. & D. Theatres, Inc. v. Davis, 190 So.2d 845 (Miss. 1966); however, the holding in that case is not clear as to apportionment of the maximum benefits.
In the case of Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), the Workmen's Compensation Commission found a contribution by claimant's pre-existing handicap to be 50% of his disability following his injury and computed his benefits for total and permanent disability from his injury at the rate of $14.75 per week for a period of 450 weeks, or a maximum of $12,500, which was the maximum sum allowed for total and permanent disability under section 6998-09(a), Mississippi Code 1942 Annotated (Supp. 1966). The Circuit Court raised the weekly benefits due to the workman to $30.40. On appeal we held that apportionment of total and permanent disability benefits does not begin until the date of the order of the attorney referee, and thereafter compensation shall continue for a period of not more than 450 weeks from the date of injury or until a maximum of $12,500 has been paid.
I must, therefore, respectfully disagree with the holding of the majority of my colleagues; I would not change the law, and I certainly can not agree to an apportionment of the weekly benefits and also the maximum for which a workman may recover. As I see it, this method is no less than double apportionment.
INZER, Justice (dissenting):
I concur in the dissent of Justice Rodgers and would also point out that the effect of the majority opinion in this case is to amend section 6998-04 of the Mississippi Code 1942 Annotated (1952) by judicial legislation.
In March of this year we had exactly the same questions involved in this case before us in Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968). There we reaffirmed our former interpretation of section 6998-04 with all justices concurring except Justice Robertson who dissented and said:
The next assignment of error relating to apportionment of compensation being effective from the date of the injury rather than from the date of the attorney-referee's order is not well taken as this issue was decided to the contrary in Sanders v. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), which was followed by Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 288-289, 172 So.2d 766, 769 (1965), wherein we stated:
The rules of these two cases are correlative and supplementary to one another. Hence we hold that Upton was entitled to total and permanent disability benefits, without apportionment, until the date of the order of the attorney-referee, which was based upon a hearing, and at which medical testimony was received by the commission's referee and he determined the *592 degree of apportionment. As Sanders held, the apportionment cannot be made at an earlier date.
Accordingly, the order of the commission is modified and amended to provide that Upton shall receive total and permanent disability benefits, without apportionment for pre-existing infirmities, from September 11, 1962, to October 10, 1963, the date of the order of the attorney-referee fixing the apportionment of contribution of the pre-existing condition. Thereafter appellants shall pay compensation to claimant in the amount fixed by the commission's order, with apportionment. However, compensation shall continue for a period of not more than 450 weeks from the date of injury or until a maximum of $12,500 had been paid, including compensation received both before and after apportionment took effect, whichever of these figures shall be lesser in amount. * * *

It is our opinion that these cases are dispositive of the issue and we reaffirm our holdings therein as correctly stating the rules of apportionment of compensation benefits due to pre-existing infirmities. In reaffirming we take judicial notice of the fact that the Mississippi Legislature has met in both regular and special session subsequent to the announcement of the cited cases without enactment directed to apportionment of compensation benefits and has thus approved the construction of legislative intent placed thereon by this Court. 208 So.2d at 578, 579. (Emphasis added)
It is apparent from the foregoing that we certainly did not find that our interpretation of section 6998-04 was manifestly wrong or mischievous in its application. It is difficult for one to understand how a decision which was correct in March, 1968, suddenly becomes manifestly wrong and mischievous in its application, less than four months later. Especially is this true when the opinion does not tell us why the decision in Sanders was wrong or mischievous in its application. Perhaps this finding is an attempt to avoid a confession by the Court that it has entered into the legislative field. It may result from the fact that this Court is committed to the principle of stare decisis. The application of the principle rises to its highest point when this Court has decided a question involving construction of the statute. Such decision will not be disturbed unless manifestly wrong or mischievous. The only thing stated in the opinion which gives any light on this point is the recitation relative to the delay from time of injury to the time of the hearing before the attorney-referee in four cases that have been appealed to this Court. No effort is made to determine what has been the cause of the delay. In the case before us it is clear that a large portion of the delay was due to the negligence of appellants in failing to give notice when they filed their original form B-31. If the delay in hearing before the attorney-referee is due to the fact that they are overworked, then that is a matter for the legislature as the amendment of section 6998-04 should be.
In my opinion our interpretation of section 6998-04 as heretofore announced by this Court is not manifestly wrong or mischievous in its application, but, in fact, is a proper construction of the statute. Evidently we construed it in accordance with the intention of the legislature because as was pointed out in Goasa, the legislature has been in session several times since the Sanders decision and it has taken no action to amend the statute. This is a clear indication that our construction of the statute in Sanders, Dillingham, and the other cases was in keeping with the intention of the legislature. It is somewhat ironic that the majority opinion points out that if the amendment we are making is not satisfactory then the legislature can change it. It seems to me that it would be more appropriate for us to leave to the legislature its proper function and allow it to make such amendments as may be desirable to this *593 statute. We said in Childress v. State, 188 Miss. 573, 195 So. 583 (1940):
However, a personal opinion of a Judge should yield to the decision by the Court as a whole; for when a majority of the Court speaks, it speaks as the voice of the State, and is binding in effect until and unless overruled. Unless mischievous in its effect, and resulting in detriment to the public, a case will not be overruled although wrongly decided. 188 Miss. at 577, 195 So. at 584 (Emphasis added)
Certainly it cannot be said that our decision in Sanders has resulted in detriment to the public. Furthermore, this Court has no legitimate power, in order to prevent hard results in an occasional case to set aside settled statutory interpretations. Austin-Western Road Machinery Co. v. Webster County, 170 Miss. 601, 154 So. 723 (1934).
It should also be pointed out that the effect of the majority opinion is not only to amend section 6998-04 by judicial decision, but to apply the amendment retrospectively. Appellee had acquired rights under the apportionment statute as construed by this Court. The commission and the circuit court granted him those rights, but we are now changing our interpretation of the statute and arbitrarily taking away from him those rights. Not only are we taking his rights but the rights of all other persons similarly situated. If we are not going to follow the constitutional restraint placed upon us not to invade the legitimate field of the legislature, we should at least follow the same rule as we would expect and require the legislature to follow where rights of parties have become vested prior to amendment of the statute.
No one knows what results this new interpretation of section 6998-04 will bring forth, but I presume that if it results in an occasional case that produces hard results that this Court will feel free to again amend the statute. It is my opinion that the decision in this case is not only wrong and instead of clearing up confusion relative to our decision in apportionment cases, it will only add to the confusion that might exist. There should be stability in the law so that the public can safely rely on advice of counsel who must form his opinion from the decisions of this court.
It is my opinion that the commission and the circuit court decided this case in keeping with the facts and the law and I would affirm it.