ETHRIDGE, Chief Justice:
This is a workmen’s compensation case involving dependents’ benefits for the death of Mrs. Louise Segal, who at the time of her death was the Secretary-Treasurer of Mississippi Stationery Company, appellant. The attorney-referee, a facility of the Workmen’s Compensation Commission, found that Mrs. Segal sustained an accidental injury resulting in her death, which was caused by activities arising out of and in the course of her employment. He held that preexisting conditions of hypertension and a congenital aneurysm were seventy percent attributable to causing her death, and that the remaining thirty percent arose from activities and conditions having a direct, causal relationship to her employment. Hence under the apportionment statute, only thirty percent of the results following her injury were found to be work-connected.
The Commission reaffirmed the findings of fact by the attorney-referee, but held that his order apportioning benefits at the date of death was error. It awarded full compensation from the date of death to the date of the attorney-referee’s order, which was over two years after death. The Commission’s order was based upon Sanders v. B. E. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), and was rendered in 1967, before our decision in Cockrell Banana Company v. Harris, 212 So.2d 581 (Miss.1968). The circuit court affirmed the Commission’s order.
This case is remarkably similar to Insurance Department of Mississippi v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 104 So.2d 296 (1958). Mrs. Dinsmore suffered a cerebral thrombosis while working at her desk as Assistant Insurance Commissioner. Dinsmore held that “any subtle medical-legal distinction between a cerebral hemorrhage and thrombosis would be impractical and unrealistic.” It was observed that, “There are a multitude of cases awarding compensation where the work contributes to or aggravates a cerebral *822 hemorrhage.” The direct medical question is whether, with the particular employee’s pathology and the exertions of the job, the employment in fact contributed to the collapse. A claimant’s injury or death must be caused in some reasonably substantial degree by the employment, and it may accrue gradually over a reasonably definite and not remote time.
Applying these criteria to the instant case, Mrs. Segal suffered at her desk a cerebral hemorrhage. The Commission was justified in finding from the medical and lay testimony that her death was caused in a reasonably substantial degree by her employment, and that her injury accrued gradually over a period of four to five months. The Commission was entitled to consider the testimony of the deceased’s attending physician for eighteen years, and that of the other doctor offered by claimants, as well as the testimony of the two doctors offered by appellants. In short, the findings of the Commission on disputed questions of fact were supported by substantial evidence. See 1A Larson, Workmen’s Compensation Law § 38.20 at 530 (1967).
Although the Commission’s order will be affirmed on liability, it must be reversed in part, as to the date of the beginning of apportionment under section 4 of the Workmen’s Compensation Act. Miss.Code 1942 Ann. § 6998-04 (Supp. 1966). Cockrell Banana Company v. Harris, 212 So.2d 581 (Miss.1968), held that apportionment of a disability claim should be applied to weekly and maximum benefits when claimant has reached maximum medical recovery. See Miss.Laws 1968, H. B. 671. Southeastern Construction Company v. Dependent of Dodson, 247 Miss. 1, 153 So.2d 276 (1963), involved a death claim and applied apportionment from the time of death, to both weekly and maximum benefits. Cockrell Banana and Southeastern Construction, read along with the statutes and the plain effects of a death claim, require that apportionment of death benefits should begin from the date of the employee’s death, applicable to both weekly and maximun compensation. To that extent the order of the Commission is reversed in part. The ten percent penalty was properly assessed by the Commission. Goasa & Son v. Goasa, 208 So.2d 575 (Miss.1968). In making the award of benefits to Mrs. Segal’s child, it was proper also for the Commission to provide in effect for a secondary beneficiary, her aged mother.
In summary, the order of the Workmen’s Compensation Commission and that of the circuit court are affirmed in all respects, except that they are reversed in part and judgment rendered here to the extent of providing that apportionment of death benefits shall begin from the date of death of the employee and be applicable both to weekly and maximum benefits.
Affirmed in part, reversed in part, and judgment rendered here.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.