ROBERTSON, Justice.
This is a workman’s compensation case. It concerns a heart attack and an aggravation of anxiety and depression reactions which claimant, John D. Kennedy, contends were job-connected. The attorney-referee, who before his decision was appointed a commissioner of the Workmen’s Compensation Commission, rendered his decision on June 2, 1967, in favor of the claimant, John Kennedy, and against Knox Glass, Inc., employer, and Travelers Insurance Company, Carrier.
The two remaining commissioners, sitting as the commission on appeal, affirmed the order in favor of the claimant on October 30, 1967, and the Circuit Court of the First Judicial District of Hinds County affirmed the order of the commission on March 18, 1968.
Appellee was employed as a truck driver by appellant, Knox Glass, Inc., from 1948 until March 29, 1962. Appellee has not worked since that date.
Appellee called two medical witnesses, Dr. Arthur W. St. Clair, internist, who testified as to a possible myocardial infarction, and Dr. A. J. Santangelo, a psychiatrist, who testified as to appellee’s anxiety and depression reactions.
The appellants offered no witnesses, but introduced documentary evidence by agreement which consisted principally of clinical and medical records on the appellee kept and prepared by the Veterans Administration, letters and medical reports from other doctors who had treated appellee over the years, and letters and reports of Dr. San-tangelo.
The attorney-referee (commissioner) rendered his decision on June 2, 1967, and in his order said:
“Having considered all the evidence in this cause and based upon what I consider to be substantial evidence, I make the following findings of fact:
(1) That the claimant sustained a compensable myocardial infarction on January 19, 1962;
(2) That claimant was diagnosed by Dr. A. J. Santangelo as having both anxiety and depression reactions which were aggravated by his employment;
(3) That due to a combination of his anxiety and depressive reactions, his myocardial infarction and his pre-existing conditions, claimant is permanently and totally disabled and has been so disabled *883 at all times subsequent to March 29, 1962;
(4) That claimant had pre-existing conditions which have contributed sixty-percent (60%) to the results following his injuries;
(5) That notice of his injuries was received by the employer;
(6) That the claimant’s average weekly wage at the time he became disabled was in excess of fifty-two dollars and fifty cents ($52.50) per week. _
ORDER
“IT IS THEREFORE ORDERED that claimant be paid compensation by the employer and carrier herein for permanent total disability from March 29, 1962, to the date of this order at the rate of thirty-five dollars ,,($35.00) per week and thereafter at the rate of fourteen dollars ($14.00) per week for a period not to exceed four hundred fifty (450) weeks or five thousand dollars ($5,000.-00), whichever is lesser in amount.”
The commission affirmed the findings and order of the attorney-referee.
The attorney-referee in his findings of fact was careful to attribute the permanent and total disability of the appellee “to a combination of his anxiety and depressive reactions, his myocardial infarction, and his pre-existing conditions.”
After carefully considering the oral and documentary evidence adduced at the several hearings, we are unable to say that the findings of fact and the order of the commission based thereon are manifestly wrong and not supported by substantial evidence. We have said many times that the Commission is the trier of the facts and that both the circuit court and this Court must consider the case purely and simply as an appellate court.
After this case had been appealed to this Court, Cockrell Banana Co. and U.S.F. & G. Co. v. Roy Harris, 212 So.2d 581 (Miss. July 8, 1968), was decided. In Cockrell, we said that apportionment should be applied as of the date of maximum medical recovery rather than the date of the attorney-referee’s order.
Therefore, we affirm the judgment of the lower court, except that apportionment is applied as of March 29, 1962, rather than June 2, 1967, the date of the attorney-referee’s order. From March 29, 1962, the appellee should be paid compensation at the rate of $14.00 per week rather than $35.00 per week for a period of not exceeding 450 weeks or until a total of $5,-000.00 has been paid, whichever is lesser in amount. As thus modified, the judgment is affirmed.
Affirmed as modified.
ETHRIDGE, C. J., and PATTERSON, INZER, and SMITH, JJ., concur.