ON PETITION FOR REHEARING
ETHRIDGE, Chief Justice:
The Workmen’s Compensation Commission, upholding its attorney-referee, awarded workmen’s compensation benefits to Edward D. Kirby, appellee, and its order was affirmed by the Circuit Court of Washington County. This Court also affirmed without opinion. Appellant’s petition for rehearing, or alternative motion to correct judgment, is directed principally to apportionment.
The Commission found that Kirby suffered an accidental injury arising out of and in the course of his employment, being a myocardial infarction or heart attack; that claimant had pre-existing arteriosclerosis, which contributed fifty percent to his disability; and that he was permanently and totally disabled from the date of the injury, August 12, 1964. It awarded him permanent and total disability benefits from August 13, 1964, without apportionment, until the date of the attorney-referee’s order on May 3, 1967, and subsequently with apportionment, until such time as claimant has received compensation for a period of time not to exceed 450 weeks from and after August 12, 1964, and/or the maximum of $12,500, whichever is the lesser in amount.
However, the Commission’s order must be amended and modified in the following respects: Apportionment of permanent total disability benefits shall begin on August 12, 1964, the date of injury, rather than the date of the attorney-referee’s order. Maximum benefits shall also be apportioned. This is in accord with the rule in Cockrell Banana Company v. Harris, 212 So.2d 581 (Miss.1968). It has been followed and applied in Mississippi Stationery Co. v. Segal, 214 So.2d 820 (Miss.1968); Delta Millwork, Inc. v. Terry, 216 So.2d 542 (Miss.1968); Mississippi Association of Insurance Agents *866 v. Seay, 218 So.2d 413 (Miss.1969), and Knox Glass, Inc. v. Kennedy, 218 So.2d 881 (Miss.1969). In all other respects the order of the Commission is affirmed.
In summary, the petition for rehearing is sustained in part, to the extent that it provided for apportionment from the date of the attorney-referee’s order and did not apportion maximum benefits. The Commission’s order is amended to provide for apportionment of weekly benefits from the date of injury, which the Commission found rendered claimant totally and permanently disabled, and the statutory maximum ($12,-500) is also apportioned to provide for a maximum recovery of $6,250, whichever is the lesser in amount.
Petition for rehearing sustained in part, order of Workmen’s Compensation Commission amended, and as amended, affirmed.
All Justices concur, except RODGERS, J., who dissents.