GLADNEY, Judge.
Plaintiff-appellant, Arthur Charles Lowe, instituted this action to reverse a decision of the Caddo Parish Police Jury denying unto him a renewal of his liquor and beer licenses for the year 1966. His suit was dismissed on an exception of no cause and no right of action and he has perfected this appeal.
Lowe, who had previously held a beer and liquor license for the year 1965, pre *664 sented his application for renewal of these licenses for the year 1966. At a meeting of the Police Jury in December of 1965 the Jury voted to renew the beer and liquor licenses upon the express condition and subject to the opinion of the District Attorney as to whether the Jury had legal authority to grant his renewal of the licenses. Subsequently, on December 23, 1965, the Jury was advised through the District Attorney’s office that the Caddo Parish Police Jury “does not have the legal right to issue him (Lowe) a liquor or beer permit,” because the petitioner did “not meet the qualifications set forth in R.S. 26:79[A] (1), (5), (6) and R.S. 26:279[A] (1), (6), and •(7),” because of certain convictions. The action of the Jury was predicated upon three disqualifications which were:
(1) Lowe was not a person of good character and reputation as is required by R.S. 26:79(1) and R.S. 26:279(1)
(2) Lowe did not meet the qualifications of R.S. 26:79(5) and R.S. 26:-279(6) because he had been convicted of contributing to the delinquency of juveniles
(3) Lowe did not meet the qualifications of R.S. 26:79(6) and R.S. 26:-279(7) because he had a judgment of court rendered against him involving alcoholic beverages in that he had been convicted of selling whiskey on Sunday in violation of a Police Jury Sunday Closing Ordinance.
The record discloses that on May 11, 1965 petitioner was convicted (on a plea of guilty) of a violation of the Sunday closing law (Ordinance 651 adopted March 11, 1943 by the Caddo Police Jury) in Case No. 65492 on the Criminal Docket of the First District Court in and for Caddo Parish, Louisiana, and on June 10, 1965, petitioner was convicted of the offense of contributing to the delinquency of juveniles in Case No. 16,779 on the Criminal Docket of the Juvenile Court of the Parish of Caddo; the conviction for these offenses was brought to the attention of the Caddo Parish Police Jury by the Caddo Parish Sheriff’s office and the Caddo Parish District Attorney’s, office.
As a result of the advice of the District-Attorney, the Caddo Parish Police Jury denied petitioner a renewal of his beer and' liquor licenses on January 12, 1966. It is pointed out by appellant, and in fact it is-not controverted, that no evidence was considered by the Police Jury at the hearing on January 12 other than the same evidence considered in a previous hearing on August 14, 1965 at which time petitioner’s 1965 licenses were suspended for a period of sixty days as a result of the same convictions.
Appellant assigns error to the decision of the district court:
a. In failing to rule that the Police-Jury’s decision of August 14, 1965, in which it was ruled that Mr. Lowe’s licenses should be suspended for a period of 60 days, was a final ruling in the sense that the Police Jury could not thereafter withhold, suspend or revoke his licenses on the same grounds considered at the previous hearing;
b. In ruling that the Police Jury did not have the discretionary legal right to issue Mr. Lowe a renewal of his liquor and beer permits for the calendar year 1966.
It is argued that the decision of the-Police Jury rendered on August 14, 1965 constitutes res judicata and the Jury is-foreclosed from basing its action upon a renewal of the licenses for 1966 on the same causes exercised with respect to the suspension of appellant’s 1965 liquor and beer licenses. Counsel for the Police Jury contends that the use of the two convictions (contributing to the delinquency of juveniles and sale of whiskey on Sunday) which caused the Police Jury to suspend the 1965 licenses for 60 days does not constitute a matter of res judicata: It is pointed out that the first action taken by the Police *665 Jury was to suspend the licenses for 1965, whereas, the second action of the Police Jury was to deny an application for licenses for the year 1966. A liquor and beer license is granted in Louisiana for only one year and it must be renewed each year and upon each renewal the applicant must show that he is qualified. Further, it is contended that suspension or revocation of a license is a different matter from the matter of an application for a license and governed by different sections of the law. R.S. 26:79 and R.S. 26:279 list the qualifications for applicants for liquor and beer licenses, whereas R.S. 26:88-89 and R.S. 26:285-286 list the causes for suspension or revocation of permits. Thus the same action is not being taken against appellant on two separate occasions. Appellant fails to meet the criteria with respect to the law of res judi-cata required of LSA-C.C. Art. 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand.must be between the same parties, and formed by them against each other in the same quality.”
A rather complete discussion on the subject is to be found in Lloveras v. Reichert, 197 La. 49, 200 So. 817 (1941). It should also be noted that in both the liquor and beer statutes, R.S. 26:94 and R.S. 26:290, respectively, it is expressly provided that:
“The revocation or suspension of a permit is in addition to and not in lieu or limitation of any other penalty imposed by law.”
The second contention of appellant is that the granting of the licenses is entirely a matter of discretion with the Police Jury regardless of whether or not the applicant meets the qualifications set forth in the statute. Primarily the argument is based on the word “may” found in R.S. 26:79 and 279, as follows:
“If the applicant, or any other person required to have the same qualifications, does not possess the required qualifications, the permit may be denied.”
Also, reliance is placed upon R.S. 26:86 and 284 which state:
“Renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit.”
To give proper interpretation to the above quoted provisions they must be read in the light of the entire statute. In R.S. 26:85 it is expressly provided that:
“ * * * parish governing authorities shall, independently of the board, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. * * *”
As previously noted in Section 79 prescribing the qualifications of applicants for permits, it is provided:
“A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions : * * * ”
As authorized in R.S. 26:79 and 279 as above quoted, the word “may” refers to a specific grant of authority of the Board and not the authority to take action inconsistent with other provisions of the statute. Unless the several parts of the statute are read in pari materia it would exercise no restraining influence upon the granting of beer and liquor licenses regardless of the qualifications of the applicant. It is our conclusion that the point made by appellant is not sound and must be rejected.
For the reasons hereinabove stated, the judgment of the district court in this cause is affirmed at appellant’s cost.