BROOM, Justice:
This is a workmen’s compensation case appealed from the Circuit Court of Adams County. The Commission affirmed the Attorney-Referee’s Order which awarded claimant, Brogdon, appellant, total and permanent compensation, and, additionally, designated a physician to render future medical treatment to appellant. We affirm on direct appeal and reverse on cross-appeal.
Appellant, an iron worker (welder) employed by Link-Belt, was injured on May 4, 1967, when an iron mono-rail weighing 1,000 pounds fell upon and severely injured his leg. He received extensive medical treatment including amputation of his leg, and was temporarily totally disabled until he reached maximum medical recovery in October, 1970. From that date he has been totally and permanently disabled. The order appealed from awarded appellant total and permanent disability compensation, but required that payments received by him for temporary total disability be credited against the maximum amount recoverable for permanent total disability.
I.
The first issue is whether or not appellant may recover temporary total disability benefits up until the time he reached maximum medical recovery, and thereafter re *698 /cover permanent total disability benefits for 4S0 weeks without having deducted therefrom the amounts he received as temporary compensation. Appellant urges that he should receive both that awarded him for temporary benefits plus the maximum amount payable for total and permanent benefits.
Appellant’s entire disability relates back to the beginning when he was rated temporarily totally disabled. The evidence adduced by appellant himself and his doctor shows that he was permanently and totally disabled all the time since his injury date. Section 6998-07 of the Mississippi Code of 1942 Annotated (Chapter 279, General Laws of 1960), is relied upon by appellant as authority entitling him to receive the temporary benefits plus subsequently awarded permanent benefits up to a maximum of $14,500. Our opinion is that the judgment of the circuit court was correct in affirming the orders of the commission and attorney-referee which limited appellant’s recovery to $12,500, pursuant to Section 6998-09 of the Mississippi Code 1942 Annotated (Supp.1972), which was effective on the date of his injury. He cannot be more than totally disabled for one injury, and cannot tag on to his permanent and total disability benefits awarded him the amount paid as temporary benefits. Dillingham Mfg. Co. v. Upton, 252 Miss. 281, 172 So.2d 766 (1965); Morgan v. J. H. Campbell Construction Co., 229 Miss. 289, 190 So.2d 663 (1956); Dunn, Mississippi Workmen’s Compensation Law and Practice, Sec. 41 (2d Ed. 1967).
II.
There is error in that part of the order which designated Dr. Fisher of Pensacola, Florida, as the attending and treating physician to render any future medical care as may be required for Brogdon, who resides at Panama City, about 100 miles from Pensacola. This aspect of the Commission’s Order, approved by the Circuit Court, is inappropriate in that it would require Brogdon to travel at the carrier’s expense the distance involved, and there was no proof that satisfactory treatment could not be afforded appellant in the area near his residence. No applicable statute- has been cited granting the Commission the authority to make such a designation of a physician. Therefore, we reverse that part of the Commission’s order designating Dr. Fisher. The carrier shall make the appropriate designation of a physician in the area near where Brogdon resides for further treatment and attention of his injuries unless proof shows no such physician is available there.
Affirmed on direct appeal and' reversed on cross-appeal.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.