Dear Representatives Jackson and Heaton:
In separate correspondence, you ask this office to determine whether a limited liability partnership is exempt from the residency requirements imposed upon applicants who seek a permit to engage in the business of dealing in alcoholic beverages. To avoid a duplication of effort, we respond to both requests herein.
Under the Alcoholic Beverage Control Law, R.S. 26.1 et seq., if an applicant for a permit is a partnership recognized by Louisiana law, all members of such partnership must be residents of the State of Louisiana. R.S. 26:80 sets forth the qualifications imposed upon applicants and in pertinent part provides[1]:
 § 80. Qualifications of applicants for permits
 A. Applicants for state and local permits of all kinds shall meet all of the following qualifications and conditions:
 * * * *
 2. Be a citizen of the United States and the state of Louisiana and a resident of the state of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. However, the requirements as to Louisiana citizenship do not apply to wholesalers or retailers who held permits on or prior to January 1, 1946.
 * * * *
 B. If the applicant is a partnership recognized by Louisiana law, or anyone in such partnership with or financed by another, all members of such partnership, or all the persons furnishing the money shall also possess the qualifications required of an applicant. The application shall name all partners or financial backers and furnish their social security numbers and proper addresses.
Within the specific provisions pertaining to Registered Limited Liability Partnerships, the law characterizes a "limited liability partnership" as a "partnership" subject to the general principles of partnership law set forth in the Louisiana Civil Code. The citations to the referenced law are R.S. 9:3435 and C.C. Art. 2801, which provide, respectively:
 § 3435. Provisions applicable to registered limited liability partnerships
 A registered limited liability partnership is a partnership as defined in Article 2801 of the Civil Code, and the provisions of Title XI of Book III of the Civil Code apply to registered limited liability partnerships to the extent that they are consistent with the provisions of this Chapter. Upon lapse or termination of registration, the affected registered limited liability partnership shall continue as a partnership under Title XI of Book III of the Civil Code, but without application of this Chapter.
 * * * *
 Art. 4801. Partnership; definition
 A partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit.
 Trustees and succession representatives, in their capacities as such, and unincorporated associations may be partners.
The law considers a limited liability partnership to be a legal entity created under state law for the purposes of conducting business. While a limited liability partnership does share many aspects of a corporate business entity,[2] it is nonetheless a legal entity separate and distinct from others recognized by state law. Thus, an analysis of the similarities between the limited liability partnership and the limited liability company is
unnecessary and, in our opinion, inappropriate. Rules of statutory construction govern our interpretation of R.S. 26:80 and dictate the following:
 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word "shall" is mandatory and the word "may" is permissive.
 * * * *
 § 4. Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
The statute is unambiguous. The members of all partnerships must be residents of the state of Louisiana in order for the partnership to be considered a qualified applicant for purposes of R.S. 26:80. Further, the provisions of R.S. 26:80 excluding limited liability companies from the residency requirements are inapplicable to all partnerships, including a limited liability partnership[3]. Legislative amendment to the statute is necessary in order for such an exception to be applicable to a limited liability partnership.
We also address the argument that, despite the failure of a limited liability partnership to meet the residency requirements, the granting of the permit remains a discretionary matter with the Commissioner of the Office of Alcohol Tobacco Control, as 26:80 (E) in part provides:
 E. If the applicant, or any other person required to have the same qualifications, does not possess the required qualifications, the permit may be denied . . .
This very argument has been rejected by the court in Lowe vs. CaddoParish Police Jury, 190 So.2d 663 (La.App. 2nd Cir. 1966). We quote the following reasoning of the court:
 The second contention of appellant is that the granting of the licenses is entirely a matter of discretion with the Police Jury regardless of whether or not the applicant meets qualifications set forth in the statute. Primarily the argument is based on the word `may' found in R.S. 26:79[4] and 279, as follows:
 `If the applicant, or any other person required to have the same qualifications, does not possess the required qualifications, the permit may be denied.'
 Also, reliance is placed upon R.S. 26:86 and 284 which state:
 `Renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit'
 To give proper interpretation to the above quoted provisions they must be read in the light of the entire state. In R.S. 26:85 it is expressly provided: "* * * parish governing authorities shall, independently of the board, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. * * *"
 As previously noted in Section 79 prescribing the qualifications of applicants for permits, it is provided:
 "A. Applicants for state and local permits of all kinds shall meet the following qualifications and conditions: * * *"
 As authorized in R.S. 26:79 and 279 as above quoted, the word "may" refers to a specific grant of authority of the Board and not the authority to take action inconsistent with the other provisions of the statute. Unless the several parts of the statute are read in pari materia it would exercise no restraining influence upon the granting of beer and liquor licenses regardless of the qualifications of the applicant. It is our conclusion that the point made by appellant is not sound and must be rejected. (Emphasis added).
To requote, the word "may" in R.S. 26:80 (E) refers to a specific grant of authority of the Commissioner and not the authority to take action inconsistent with other portions of the statute, specifically, those provisions cited herein requiring the members of a partnership to be state residents in order to be qualified applicants.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Similar provisions are found in R.S. 26:280 pertaining to dealers of beverages of low alcoholic content.
[2] By way of example, limited partners enjoy limited liability as do shareholders in a corporation.
[3] R.S. 26:80 (C) excludes members of limited liability companies applying only for retail permits and provides:
 C. (1) If the applicant is a corporation or a limited liability company, all officers and directors and all stockholders or members owning in the aggregate more than five percent of the stock or of the membership interest in a limited liability company and the person or persons who shall conduct or manage the business shall possess the qualifications required of an applicant, to be shown by the affidavit of each accompanying the application. Each affidavit shall include the signatory's Louisiana Department of Revenue business account number, his social security number, and his correct home address.
 (2) The requirements as to citizenship and residence do not apply to officers, directors, and stockholders of corporations or members of limited liability companies applying only for retail permits. The corporation or limited liability company shall either be organized under the laws of the state of Louisiana or qualified to do business within the state of Louisiana.
[4] R.S. 26:79 cited by the court in Lowe is now designated as R.S.26:80.